IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY EDDY, AN INDIVIDUAL AND KENNETH M. EDDY, AN INDIVIDUAL, </br></br>    Plaintiffs, </br></br> vs. </br></br> WAL-MART STORES, INC., A CORPORATION, </br></br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   CIVIL ACTION NO. 2:07-CV-1078 |

## ANSWER

COMES NOW WAL-MART STORES EAST, L.P., incorrectly identified in the Complaint at Wal-Mart, Inc., Defendant in the above-styled cause, and in response to the Plaintiffs' Complaint and to each count and paragraph thereof, separately and severally, says as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Defendant denies each and every material averment of the Plaintiffs' Complaint and demands strict proof thereof.

### Third Defense

The Defendant denies that it was guilty of negligence as is alleged in the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Fourth Defense

The Defendant denies that it was guilty of wantonness as is alleged in the Complaint and denies further that any such alleged wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Fifth Defense

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint.

### Sixth Defense

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

### Seventh Defense

The Defendant avers that the Plaintiff was herself guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on her part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Eighth Defense

The Defendant asserts that to the extent there was a hazard, it was or should have been open or obvious to the Plaintiff.

### Ninth Defense

The Defendant pleads assumption of the risk.

### Tenth Defense

The Defendant avers the Plaintiff failed to mitigate her damages.

### Eleventh Defense

The Defendant denies that the Plaintiffs was injured to the nature and extent claimed and demand strict proof thereof.

### Twelfth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

### Thirteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

### Fourteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### Fifteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides

that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### Sixteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal Defendant.

### Seventeenth Defense

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### Eighteenth Defense

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### Nineteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that

the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Twentieth Defense

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

### Twenty-first Defense

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

### Twenty-second Defense

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

s/ Deborah Ann Wakefield
DEBORAH ANN WAKEFIELD (PAY010)
ATTORNEY FOR DEFENDANT
PARSONS, LEE & JULIANO, P.C.
Post Office Box 530630
Birmingham, AL 35253-0630
(205) 326-6600
Fax 205-324-7097
dwakefield@pljpc.com
ASB-6080A37D

**THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.**

S/Deborah Ann Wakefield
DEBORAH ANN WAKEFIELD

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

>Mr. Christopher W. Weller, Sr.
>Mr. Todd H. Cox
>Capell & Howard, P.C.
>P. O. Box 2069
>Montgomery, AL  36104-4045

This the 7th day of January, 2008.

>s/Deborah Ann Wakefield
>OF COUNSEL

cc:   The Honorable Troy King
      310 State House
      11 S.  Union Street
      Montgomery, Alabama 36130