IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY EDDY, an individual** ) <br> **and KENNETH M. EDDY, an individual** ) <br> ) <br> Plaintiffs,  ) <br> ) <br> **WAL-MART STORES, INC., a corporation,** ) <br> ) <br> Defendant.  ) <br> ) | Case No. 2:07CV1078-CSC |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COME NOW Plaintiffs, Beverly and Kenneth M. Eddy (hereinafter collectively, "Plaintiffs") and hereby move the Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to file the amended complaint attached hereto as Exhibit "A". In support of this motion, the Plaintiffs state as follows:

(1) The Plaintiffs were notified by the Defendant's Answer filed on January 7, 2007 that the proper Defendant in this case is "Wal-Mart Stores East, L.P.", and not "Wal-Mart Stores, Inc.", as styled in Plaintiffs' original complaint.

(2) Accordingly, Plaintiffs seek to amend their complaint to reflect the proper legal name of the Defendant - owner of the Wetumpka Wal-Mart Store No. 1101, i.e., Wal-Mart Stores East, L.P. A copy of the Amended Complaint is attached hereto as Exhibit "A".

(3) The Defendant will not be prejudiced by this amendment, as its' answer was only recently filed on January 7, 2007. Furthermore, this amendment will not delay this case in any way.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file their Amended Complaint.

                                        s/ Christopher W. Weller, Sr.
                                        CHRISTOPHER W. WELLER, SR. (WEL040)
                                        TODD H. COX (COX031)

OF COUNSEL:
Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
PHONE: (334) 241-8000

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date, January 11, 2008, electronically filed the foregoing with the Clerk of the Court using the judicial e-filing system, which will send notification of such to the following:

Deborah Ann Wakefield, Esq.
Parsons, Lee & Juliano, P.C.
Post Office Box 530630
Birmingham, AL 35253-0630
(205) 326-6600
(205) 324-7097 (fax)

                                        s/ Christopher W. Weller, Sr.
                                        OF COUNSEL

Mt for Leave.doc

**EXHIBIT "A"**

Case 2:07-cv-01078-WKW-CSC    Document 9    Filed 01/11/2008    Page 3 of 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BEVERLY EDDY, an individual** ) <br> **and KENNETH M. EDDY, an individual** ) <br> ) <br> Plaintiffs, ) <br> ) <br> **WAL-MART STORES EAST, L.P.,** ) <br> ) <br> ) <br> Defendant. ) | Case No. 2:07CV1078-CSC |

**AMENDED COMPLAINT**

**COME NOW** Plaintiffs Kenneth and Beverly Eddy (collectively, "Plaintiffs") and for their Complaint state as follows:

1. Plaintiff Beverly Eddy is an individual, over nineteen years of age. She is a citizen of the State of Alabama and resides in the City of Wetumpka, Elmore County, Alabama.

2. Plaintiff Kenneth M. Eddy is an individual, over nineteen years of age. He is a citizen of the State of Alabama and resides in the City of Wetumpka, Elmore County, Alabama.

3. Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), which upon information and belief, is a limited partnership comprised of general partner WSE Management LLC and limited partner WSE Investment LLC, a Delaware Limited Liability Company, and has its principal place of business in a State other than the State of Alabama. At the time of the incident made the basis of this Complaint, Defendant Wal-Mart was operating retail store No. 1101 in Wetumpka, Alabama.

4. The amount in controversy exceeds, exclusive of interest costs, the sum specified by 28 U.S.C. § 1332.

1

**STATEMENT OF FACTS**

5.     In February 2006, Plaintiff Beverly Eddy underwent successful cervical disc replacement surgery (a post anterior fusion at C6/C7), which included a bone graft with titanium screws and a metal plate.  The purpose of the surgery was to relieve pain affecting her cervical spine, right shoulder and subscapular region.  Mrs. Eddy's post-operative convalescence was successful and uneventful.

6.     On April 5, 2006, Plaintiff Beverly Eddy returned to her doctor for a post-surgery evaluation.  The evaluation and x-rays showed that the surgery was healing well and that it had virtually eliminated Mrs. Eddy's previous pain.  Although she had follow-up physical therapy to address muscle stiffness and weakness in her neck muscles attendant to the surgery, Mrs. Eddy's long-term prognosis was excellent for continuing her previously full, active and pain-free lifestyle with her family.

7.     On the morning of Thursday, April 13, 2006, Mrs. Eddy went to Defendant Wal-Mart Super Center (Store No. 1101), located at 4538 US Hwy 231, Wetumpka, AL 36092, to purchase a birthday present for her son.  After completing her purchase, she began to walk to the front entrance of the store, passing by a cut flower staging area located to her immediate right.  A rug/mat, located beneath and around the cut flower display table, extended into the aisle created for ingress and egress.  Wal-Mart associate Frances Thrash was setting up a separate staging area table for Easter corsages directly in front of the cut flower display.

8.     As Mrs. Eddy exited the mat onto the solid surface floor, she slipped in a puddle of water, falling violently forward to the floor.  In so doing, she injured her left arm, right foot, right knee and neck.  It was only after her fall that Mrs. Eddy discovered that her foot was wet and that she had slipped on a puddle of water on the hard surface floor surrounding the cut

2

flower display table. The source of the water was either the cut flower display or the corsage table display being set up by Wal-Mart Associate Thrash. Mrs. Eddy, however, was completely unaware of the water and had no opportunity to avoid the fall.

9. While Mrs. Eddy was attempting to recover from her fall, Wal-Mart Associate Thrash, who had been setting up the Easter corsage staging area, stated to her, "I knew I should have cleaned that up. I am going to be fired." Thrash apologized to Mrs. Eddy and stated that she knew she was "going to get in trouble." Ms. Thrash attempted to hurry Mrs. Eddy from the store, but Mrs. Eddy had to sit down to recover and wait for a store manager so that she could submit a Customer Statement Form (or accident report). Although Mrs. Eddy told Wal-Mart Associate Thrash that she did not want to get her in trouble, she needed to complete a report because she was just six weeks post operative from disk replacement surgery and was concerned that she had damaged the surgical site and/or the area around it. Throughout the incident, Wal-Mart Associate Thrash repeatedly expressed concern that she would lose her job as a result of her failure to clean up the spill. Thus, despite actual knowledge of the spill, Thrash failed to exercise reasonable care by failing to clean up the spill and by failing to warn Mrs. Eddy about the unsafe condition.

10. Shortly thereafter, Wal-Mart Safety Director Debra Hooks arrived on the scene and was advised of the accident. Hooks instructed Wal-Mart Associate Thrash to place a work cart over the puddle of water to prevent any further accidents. Mrs. Eddy informed Hooks that her arm and foot were beginning to hurt. Because Mrs. Eddy was concerned that she may have damaged the surgical site, she asked to make a formal report of the accident. Safety Director Hooks provided Mrs. Eddy a Customer Statement Form, which Mrs. Eddy managed to complete. A copy of that Customer Statement Form is attached hereto as Exhibit A. Safety Director Hooks

also provided Mrs. Eddy a Claims Management document that contained a telephone number and instructions for reporting injury claims.  At no time did Safety Director Hooks or Wal-Mart Associate Thrash offer to call an ambulance or other medical assistance for Mrs. Eddy and otherwise expressed no concern about her physical well-being.

11. After leaving the accident site, Mrs. Eddy immediately sought medical attention. Although she was unable to see her surgeon because he was in surgery, Mrs. Eddy immediately went to Rehab Associates and asked the head therapist to take a look at her injuries to determine whether she should go to the emergency room.  Rehab Associates recommended that Mrs. Eddy see her surgeon as soon as possible.

12. The next day, April 14, 2007, Mrs. Eddy returned to her surgeon's office and underwent x-rays of her cervical spine and left elbow.  As a result of her fall, Mrs. Eddy developed new symptoms, including radicular pain that is resistant to medication and physical therapy, radiculitis, spinal stenosis (Cervical) and intercostals, thorasic and rib pain.  In layman's terms, as a result of her fall, Mrs. Eddy suffers from chronic pain radiating from her neck and mid-back, through her right shoulder and down her right arm to her hand.  Since her accident, Mrs. Eddy has remained under a doctor's care and must receive a painful regimen of 15 to 20 nerve block injections once every five (5) weeks.  She must also take pain medication on a regular basis to treat her pain.  However, she cannot take pain medication during work hours because it interferes with her work performance.  According to her physician, this treatment will continue for the foreseeable future.  The injections are extremely painful, cause nausea and require Mrs. Eddy to miss work for both treatment and recovery.  Although the nerve blocks have reduced the level of pain, Mrs. Eddy continues to suffer chronic neck and shoulder pain,

pain and numbness in her right arm and hand, muscle spasms, restrictions on her movement, radiating pain, sleep disturbance, and pain associated with her treatment.

13.     Mrs. Eddy's injuries, resulting from the negligence of Wal-Mart's employees, have dramatically affected the quality of her life and her ability to perform daily functions that she could perform before the accident. In addition to the adverse effects on her ability to work, Mrs. Eddy can no longer engage in routine housework such as vacuuming, sweeping or moderate lifting. She cannot participate in many of the recreational, social or routine activities she previously enjoyed with her husband and children. For example, Mrs. Eddy can no longer garden or take extended motorcycle or boating trips with her husband or children. She also has difficulty sitting for extended periods of time. Mrs. Eddy's chronic pain (and exhaustion caused by chronic pain) often interfere with her desire and ability to engage in intimate relations with her husband.

14.     Mrs. Eddy's condition has left her in a state of exhaustion and depression. She lives in constant fear that she will suffer additional pain and injury from sudden or unfamiliar movements. Although she has continued to work, and does not intend or desire to seek disability, her chronic neck, shoulder and arm pain affects her ability to perform her job and have caused her to miss work on numerous occasions to obtain treatment and temporary pain relief. Mrs. Eddy's mental anguish is further aggravated by future uncertainty regarding her health and concern that she will have to continue treatment and take medication to temporarily relieve her symptoms for the remainder of her adult life. The medications themselves have potential side effects which must be monitored and cannot be taken during the day.

**COUNT I**
**(Negligence)**

15. Plaintiff Eddy adopts and realleges each and every allegation set forth in paragraphs 1-14 above.

16. At all times relevant to the incident alleged in this Complaint, Wal-Mart associate Frances Thrash was the agent and employee of Defendant Wal-Mart and was acting within the course and scope of such agency and employment in failing to (a) correct the unreasonably dangerous condition and (b) warn Mrs. Eddy of the unreasonably dangerous condition.

17. Prior to the accident, Mrs. Eddy had no knowledge of the dangerous condition and could not have reasonably been expected to discover it. As admitted by Wal-Mart associate Frances Thrash, she had actual notice of the unreasonably dangerous condition, *i.e.*, the presence of water or some other liquid on the floor and, therefore, had a duty to correct the dangerous condition and/or warn Mrs. Eddy of the dangerous condition. Wal-Mart associate Thrash (and thus Wal-Mart) breached this duty because she neither corrected that dangerous condition nor sought to warn Mrs. Eddy of the condition unknown to her.

18. Additionally, Mrs. Eddy was a business invitee on the premises of Wal-Mart; therefore, Wal-Mart owed her a duty to exercise reasonable care to maintain its premises in a reasonably safe condition. In failing to correct the known dangerous condition, Defendant Wal-Mart failed to use reasonable care to maintain its premises in a reasonably safe condition.

19. As a direct proximate cause of the negligent or wanton conduct of Defendant Wal-Mart and its employee, Plaintiff Beverly Eddy suffered injuries and damages as follows:

   a. She has suffered injury to her neck, arm and foot;

   b. She has been and will be required to undergo medical procedures, including frequent and painful nerve block injections;

   c. She has suffered substantial loss of mobility in her neck;

      d.      She has and will incur future, substantial medical expenses;

      e.      She has lost wages and will lose future wages;

      f.      She has suffered, and will suffer, severe physical pain and mental anguish; and

      g.      Her injuries have and will continue to interfere with the performance of her normal life activities, including performance of her duties as a spouse, enjoyment of family, recreational, or social activities with her husband, and other activities routinely undertaken in the care of her spouse and children.

**WHEREFORE,** Plaintiff Beverly Eddy demands judgment against Defendant Wal-Mart, Inc. in excess of $75,000.00, the sum to be determined by the Court, together with interest from the date of injury, and costs of this proceeding.

## COUNT II
### (Loss of Consortium)

20.    Plaintiffs adopt and reallege each and every allegation set forth in paragraphs 1-19 above.

21.    Before suffering these injuries, Mrs. Eddy was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to her husband, Plaintiff Kenneth M. Eddy. As a direct and proximate result of the injuries, Mrs. Eddy has been unable to perform the duties of a spouse. She can perform only limited housework; she can no longer participate in many family, recreational, or social activities with her husband, *e.g.*, boating and motorcycle touring; she can no longer regularly provide the level of love, companionship, affection, society, sexual relations, moral support, and solace to her husband, plaintiff Kenneth M. Eddy, as a result of her constant pain and exhaustion.

7

**WHEREFORE,** Plaintiff Kenneth M. Eddy demands judgment against Defendant Wal-Mart, Inc. in excess of $75,000.00, the sum to be determined by the Court, together with interest from the date of injury, and costs of this proceeding.

                                             s/Christopher W. Weller, Sr.
                                             Christopher W. Weller, Sr. (WEL040)
                                             Todd H. Cox (COX032)
                                             Attorneys for Plaintiffs Kenneth
                                             M. Eddy and Beverly Eddy

**OF COUNSEL**
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, Alabama 36104-4045

**SERVE DEFENDANT**
**WALMART, INC.**
**BY CERTIFIED MAIL:**
**c/o The Corporation Company**
**2000 Interstate Park Drive, Ste. 204**
**Montgomery, AL  36109**

9