**IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**BEVERLY EDDY, AN INDIVIDUAL AND KENNETH M. EDDY, AN INDIVIDUAL,**

**Plaintiffs,**

**vs.**

**WAL-MART STORES EAST L.P.,**

**Defendant.**

**CIVIL ACTION NO.: 2:07-CV-01078-WKW**

---

**REPORT OF PARTIES' PLANNING MEETING**

---

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties was held on **February 22, 2008**, and was attended by:

(a) **Christopher W. Weller, Sr.** on behalf of the Plaintiffs; and

(b) **Deborah Ann Wakefield** on behalf of Defendant **Wal-Mart Stores East L.P.**

2. **Pre-discovery Disclosures.** The parties will exchange by **March 13, 2008**, the information required by Local Rule 26.1(a)(1).

3. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

(a) Discovery will be needed on the following subjects:

**1) liability and 2) damages.**

(b) Disclosure of discovery of electronically stored information should be handled as follows:

**The parties will initially produce paper or CD-ROM copies of electronically stored relevant documents in response to initial disclosures and discovery. The parties will notify each other if any electronically stored relevant documents cannot be printed or produced in paper or CD-ROM format so that the parties can reach an agreement on how they will be produced.**

(c) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

**If documents are claimed to be protected by attorney client privilege, the party should submit a privilege log showing the date of the document, if known, and a general description of why the document if privileged, (i.e. - letter from client to counsel). A party may petition the court for *in-camera* review of any document claimed as privileged. If a document is claimed to be protected by attorney-work product or trial preparation material, a separate log should be submitted, showing the date of the document, if known, and a general description of why the document is protected by attorney-work product privilege**

**or trial preparation material privilege. A party may petition the court for *in-camera* review of any document listed as privileged.**

(d) All discovery commenced in time to be completed by **November 15, 2008.**

(e) Maximum of **40** interrogatories by each party to any other party. [Responses due **30** days after service.]

(f) Maximum of **30** requests for production of documents by each party to any other party. [Responses due **30** days after service.]

(g) Maximum of **20** requests for admission by each party to any other party. [Responses due **30** days after service.]

(h) Maximum of **8** depositions by Plaintiff and **8** depositions by defendant.

(i) Reports from retained experts under Rule 26(a)(2) due:

From Plaintiff by: **August 1, 2008**

From Defendant by: **September 30.2008**

4. **Other Items.**

(a) The parties do not request a conference with the Court before entry of the scheduling order.

(b) Plaintiff should be allowed until **April 22, 2008** to join additional parties and until **April 22, 2008** to amend the pleadings.

(c) Defendant should be allowed until **May 22, 2008** to join additional parties and until **May 22, 2008** to amend the pleadings.

(d) All potentially dispositive motions should be filed by **December 15, 2008**.

(e) Settlement cannot be realistically evaluated prior to **November 15, 2008** and may be enhanced by use of mediation.

(f) The parties request a final pretrial conference.

(g) Final lists of trial evidence under Rule 26(a)(3) should be due:

from Plaintiff: witnesses by **30 days before trial;** exhibits by **30 days before trial;**

from Defendant: witnesses by **20 days before trial;** exhibits by **20 days before trial.**

(h) Parties should have **5 days** after service of final lists of trial evidence to list objections under Rule 26(a)(3).

(i) The case should be ready for trial by **February of 2009** and at this time is expected to take approximately **three days** to try.

This report represents the agreement of the parties.

This 22nd day of February 2008.

/s/Christopher W. Weller, Sr.
CHRISTOPHER W. WELLER, SR.(WEL020)
Attorney for Plaintiff
Capell & Howard, P.C.
P. O. Box 2069
Montgomery , AL 36104-4045
(334) 241-8066
Fax 334-323-8888
cww@chlaw.com

s/ Deborah Ann Wakefield
DEBORAH ANN WAKEFIELD (PAY010)
Attorney for Defendant
Parsons, Lee & Juliano, P.C.
Post Office Box 530630
Birmingham, AL 35253-0630
(205) 326-6600
Fax 205-324-7097
dwakefield@pljpc.com
ASB-6080A37D